

**Littler Mendelson, P.C.**
290 Broadhollow Road
Suite 305
Melville, New York 11747


Lisa M. Griffith
Shareholder
631.247.4709 direct
631.247.4700 main
631.850.5363 fax
lgriffith@littler.com

April 16, 2025

**VIA ECF**
Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   <u>Ara Acosta v. The New York Times Company, et al.</u>
      Case No. 1:25-cv-01119 (JPC)

Dear Judge Cronan:

      We represent Defendants The New York Times Company d/b/a The New York Times and Pamela Dryfoos (collectively "Defendants") in the above referenced action. We write to respectfully request a stay of all proceedings due to Plaintiff's filing of a charge with the Equal Employment Opportunity Commission ("EEOC") based upon the same facts alleged in this action and her anticipated amendment of the Complaint.

      By way of brief background, Plaintiff filed the Complaint on February 7, 2025, asserting claims of disability discrimination under the New York State and City Human Rights Laws and an alleged violation of her rights under the Family and Medical Leave Act ("FMLA"). On April 13, 2025, over two months later, Defendants received notice that Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") pursuing a claim under the Americans with Disabilities Act ("ADA") based on the same facts alleged in her Complaint (the "Charge"). *See* Exhibit A. This Charge is dated after the Complaint. *Id*. We spoke with counsel for Plaintiff today who confirmed Plaintiff's intent to amend the federal Complaint to add at least an ADA claim upon receipt of a Notice of Right to Sue from the EEOC, a prerequisite to filing an ADA claim.

      Defendants' deadline to respond to the Complaint (Dkt. No. 1) ("Complaint") is currently set for April 25, 2025. Plaintiff would not consent to Defendants' request for a stay, and accordingly, we request the Court stay all proceedings until thirty days (30) after Plaintiff amends

Hon. Judge John P. Cronan
April 16, 2025
Page 2

the Complaint upon receipt of her Notice of Right to Sue to avoid unnecessary and duplicative pleadings and/or motion practice.

  Plaintiff's counsel stated that he will not consent to the request on the basis that it is unknown how long it may take to receive a Notice of Right to Sue ("Letter"), which Plaintiff has not yet requested. However, any such delay is Plaintiff's own doing because she decided not to file an EEOC charge until *after* she filed her federal lawsuit and has further not even requested the Letter. Yet, Plaintiff wants to require Defendants to respond to the Charge and the original Complaint now, when an amendment is certain, and then respond again to the Amended Complaint. Clearly, requiring Defendant to respond to a Complaint that is certain to be amended is futile, is prejudicial to Defendants and a waste of both the Court's and Defendants' resources where there is also a chance the EEOC could investigate and file their own lawsuit on Plaintiff's behalf. *See Silverio v. LQ 511 Corp.*, No. 13-cv-5002 AT, 2014 WL 1413640, at *3 (S.D.N.Y. Apr. 9, 2014) (granting stay of action pending outcome of complaint with EEOC where it "is almost certain that [Defendants] would face an identical lawsuit absent a stay."); *Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.,* 630 F. Supp. 2d 295, 306 (S.D.N.Y. 2009) ("By conserving judicial resources, a stay will serve not only the interest of the courts, but also the interests of the Parties, the nonparties, and the public in an orderly and efficient use of judicial resources. Granting a stay of the instant actions will potentially avoid inconsistent judgments that could result if both courts proceeded simultaneously.") (internal citations omitted).

  Although Defendants were previously granted an extension of time to respond to the Complaint upon consent, this is Defendants' first request to stay all proceedings due to Plaintiff's anticipated amendment to the Complaint. Granting a stay now would not affect any other scheduled dates or deadlines, as no other deadlines have been set at this point.

  Thank you for your time and consideration of this request.

Sincerely,

Littler Mendelson, P.C.

*/s/ Lisa M. Griffith*

Lisa M. Griffith

> Plaintiff shall file a response to the instant letter on or before April 21, 2025, addressing whether a stay is warranted in light of her April 13, 2025, EEOC charge, including whether Plaintiff intends to amend her Complaint in this action upon receiving a right-to-sue letter in the EEOC action.
>
> SO ORDERED.
> Date: April 17, 2025
> New York, New York
>
> _____
> JOHN P. CRONAN
> United States District Judge