**Joseph & Norinsberg LLC**
*Fighting for Employee Justice*

**Downtown Manhattan Office**
One World Trade Center, 85th Floor
New York, NY 10007

**Midtown Manhattan Office**
110 East 59th Street, Suite 2300
New York, New York 10022

**Newark Office**
One Gateway Center, Suite 2600
Newark, New Jersey 07102

**Philadelphia Office**
1650 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103

**Boston Office**
225 Franklin Street, 26th Floor
Boston, Massachusetts 02110

**Orlando Office**
300 N. New York Ave, Suite 832
Winter Park, Florida 32790

April 21, 2025

*Via ECF Only*
The Honorably John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   ***Acosta v. The New York Times Co., et al.***
      ***Case No.: 1:25-cv-01119 (JPC)***

Dear Judge Cronan:

As the Court knows, we represent Plaintiff Ara Acosta. We write in response to the Court's April 18, 2025, Order (Dkt. No. 15) and Defendants' April 16, 2025, Letter Motion to Stay (Dkt. No. 13). Plaintiff opposes Defendants' request for a stay of this action. The Court should reject this request because Defendants' April 16th letter significantly mischaracterizes the parties' previous interactions, and because requiring the Defendants to answer the Complaint will most effectively ensure that this matter is adjudicated on the merits in a speedy and efficient manner, notwithstanding Defendants' arguments to the contrary.

First, regarding the history of this motion, Defendants have not properly conferred with Plaintiff prior to submitting their request. Before filing their motion, Defendants' counsel did confer with undersigned counsel, yet at no time during that conferral did Defendants' counsel at any time represent any specific intent to request a stay of all proceedings. Sharply in contrast, Defendants' counsel instead suggesting extending the deadline to answer Plaintiff's operative complaint until after the EEOC issues a right to sue letter. In response, we responded with a counterproposal to consider mediation through the EEOC on all claims, or if rejected to proceed with the federal litigation in the instant forum before this court and the EEOC charge in the administrative forum while Defendants consider their options. Defendants' counsel replied that they would confer with their client regarding Plaintiff's proposal. I then suggested that Plaintiff would consent to another further brief extension of time for Defendants to answer Plaintiff's Complaint while Defendants' counsel conferred with her clients. Rather than receive any further response from Defendants' counsel, we were instead blindsided with the instant Letter Motion to Stay. In the interim, settlement negotiations have continued, and without disclosing any

confidential discussions herein, Defendants' counsel has represented that she is waiting to connect with her client due to their previous unavailability.

Second, there is simply no need to stay all proceedings in this matter, as Plaintiff is entirely within her rights to litigate both the instant claims and her EEOC claims separately if she so chooses. Forcing her to decide now - - before the parties have exchange any discovery and while settlement negotiations are in their infancy at the most nascent stages of this matter - - amounts to an obvious attempt by Defendants to hamstring Plaintiff's case at the outset. It bears noting that prior to filing both the instant case and her EEOC charge, the parties - - through Plaintiff's undersigned counsel and Defendants' in-house counsel - - engaged in pre-litigation discussions and negotiations. When those ultimately faltered, Plaintiff filed this matter, and the EEOC charge.

In any event, while Plaintiff certainly has no desire to cause the parties or the Court to unnecessarily expend resources beyond those needed for the "just, speedy, and inexpensive determination" of this action, Fed.R.Civ.P. 1, it is hardly appropriate for Defendants to have proverbially cast the first stone by failing to meet and confer in good faith only to now cry foul Plaintiff for refusing to consent to a full stay of all proceedings. Plaintiff respectfully submits that Defendants should simply answer the Complaint, as it is not clear at this time how long the EEOC will take to administer Plaintiff's Charge. Moreover, the same evidence, discovery, witnesses, and procedure will be needed for adjudicating the claims now pending in Plaintiff's Complaint, as well as any additional claims to be included in a potential amended complaint (should the EEOC process conclude without a settlement). There is therefore no need to delay the instant case; if the matter remains unresolved by the time the EEOC process is completed, it will hardly be a resource-heavy lift for Defendants to answer an Amended Complaint that will be nearly identical to the Plaintiff's current operative Complaint but for the addition of causes of action under the Americans with Disabilities Act.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

MICHAEL R. MINKOFF

Based on the information provided in the parties' letters, Dkts. 13, 16, the Court at this time does not find good cause to stay these proceedings. Accordingly, the Court denies Defendants' request for a stay. The Clerk of Court is respectfully directed to close Docket Number 13.

SO ORDERED
Date: April 23, 2025
New York, New York

JOHN P. CRONAN
United States District Judge