UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ARA ACOSTA,<br><br>                     Plaintiff,<br><br>          -against-<br><br>THE NEW YORK TIMES COMPANY d/b/a THE NEW YORK TIMES, and PAMELA DRYFOOS, individually,<br><br>                     Defendants. | Civil Action No. 25-CV-01119 |

## STIPULATED PROTECTIVE ORDER AND FRE 502(d) AND (e) CLAWBACK AGREEMENT/ORDER

**WHEREAS,** the parties in the above-captioned matter have agreed that the proceedings may involve the discovery and use of confidential, non-public, sensitive, and/or proprietary business, employment, medical and health, tax, financial, and personally identifiable information, documents and other materials.

**WHEREAS,** the parties have agreed to produce such documents only on the agreement that such "Confidential" or "Highly Confidential" information will be disclosed only as provided herein.

**WHEREAS,** the parties have agreed to protect privileged documents and electronically stored information against claims of waiver and inadvertent production.

**WHEREAS**, the parties wish to complete discovery as expeditiously as possible, while preserving and without waiving any privileges applicable to the information contained in the documents and data produced, including as against third parties and in other Federal and State

proceedings, and in addition to their agreement, need the additional protections of a Court Order under FRE 502(d) and (e) to do so.

**WHEREAS**, to comply with applicable discovery deadlines, a party may be required to produce certain categories of documents, data and information that have been subject to minimal or no attorney review (the "Disclosures").  This Stipulation is designed to foreclose any arguments that by making such Disclosures, the disclosure of documents, data or information (including, without limitation, metadata) subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege, by the Producing Party was not inadvertent, that the Producing Party did not take reasonable steps to prevent the disclosure of privileged documents, data or information, that the Producing Party did not take reasonable steps to rectify such disclosure and/or acts as a waiver of applicable privileges or protections associated with such documents, data or information.

**WHEREAS,** because the purpose of this Stipulation is to protect and preserve privileged dcuments, the parties agree they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval.

**THEREFORE**, the parties seek the entry of an Order, pursuant to Federal Rule of Civil Procedure 26(c), governing the disclosure of documents and information therein pertaining to "Confidential" or "Highly Confidential" information on the terms set forth herein, as well as an Order, pursuant to FRE 502, affording documents and information so disclosed the protections of 502(d) and (e) and governing their return.

**IT IS HEREBY STIPULATED AND AGREED THAT:**

1)    This Protective Order will be entered pursuant to Rule 26(c) and of the Federal Rules of Civil Procedure and Rule 502 (d) and (e) of the Federal Rules of Evidence.

2)    This Protective Order governs the use and handling of confidential, non-public, and/or sensitive documents, information, and other materials, including without limitation testimony, responses to requests for admission, notice(s) of deposition, deposition transcripts and exhibits, deposition responses upon written questions, interrogatory responses, documents produced with initial disclosures and/or in response to document requests, documents created or produced by Court order or by subpoena and all other information, including all copies, excerpts and summaries thereof (collectively, the "Information"), produced voluntarily or involuntarily, obtained, given or submitted by the Plaintiff in the above referenced action (hereinafter "Plaintiff"), Defendants The New York Times Company d/b/a The New York Times and Pamela Dryfoos (hereinafter "Defendants"), by any other individual or entity including non-parties in this Litigation (any such producing party hereinafter referred to as the "Producing Party" and any such receiving party hereinafter referred to as the "Receiving Party") in pre-trial proceedings in this Litigation.  Such information, documents, and other materials also may include "Protected Health Information" within the meaning of 45 C.F.R. § 164.501, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA").  This Protective Order is intended to meet the requirements of a "qualified protective order" as described in 45 C.F.R. §164.512(e)(1).

3)    All "Confidential" or "Highly Confidential" Information produced in this Litigation shall be used only for the purpose of this Litigation and shall not be used in any other litigation, arbitration, mediation or other proceeding of any type.

4)     "Confidential" Information" shall include any information of any type, kind or character which contains "Confidential" or "Highly Confidential" Information and which is so designated by either the Producing Party or Receiving Party, whether it be a document, information contained in a document, electronic media, information revealed during a deposition, information revealed in an interrogatory answer, information produced in response to subpoena, or otherwise. In designating Information as "Confidential" or "Highly Confidential," a Producing Party will make such designations only as to that information that contains "Confidential" Information.  Information designated "Confidential" or "Highly Confidential" shall include:

(a)     personal data and information, in any form, regarding individual employees, or former employees, of any party or its parents, subsidiaries, affiliates, predecessors, successors, or assigns, including but not limited to identifications, specific compensation and benefit amounts, medical and psychological conditions, marital status, work performance, disciplinary actions, and work history;

(b)     information or data that may be deemed a trade secret under applicable law or whose unlimited disclosure is believed in good faith to pose a risk of damage to a party's competitive position in its business;

(c)     personnel information relating to current or former employees of Defendants that is of a generally understood personal and confidential nature, such as physical and electronic mail addresses, telephone numbers, Social Security numbers, tax returns, medical information and all protected health information, health benefits and insurance elections, non-parties' compensation amounts, financial or medical documents, arrests or criminal convictions, or credit history, and corrective and disciplinary counseling issued to non-parties;

(d)     business, personnel, marketing, pricing, production, technical, operational, financial, proprietary, or other information or data, in any form, that has been created, compiled, or otherwise obtained by a party or its predecessor(s) or successor(s) or its/their employees or agents which derives economic value, actual or potential, from not being generally known to or readily ascertainable by proper means by others who can obtain economic value from its disclosure or use, and which is the subject of efforts that are reasonable under the circumstances to maintain its secrecy; and

(e)     information of Defendants that has been treated as "Confidential Information" by Defendants, including the manner in which it conducted its business operations, trade secrets, and financial information not available to the general public, and the collection of sensitive and private customer information that is not made known to the general public.

5)     "Highly Confidential" Information shall include any "Confidential" Information which the Producing Party or non-party reasonably believes to be a trade secret or so competitively sensitive that it is entitled to extraordinary protections, as well as any Documents containing medical and health records, including but not limited to "individually identifiable health information" and "protected health information" as defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and 45 C.F.R. §§ 160.103 and 164.501.

6)     The designation of "Confidential" or "Highly Confidential" Information for the purposes of this Protective Order shall be made in the following manner:

(a)     In the case of documents, interrogatory answers or other information or materials (apart from depositions or other pretrial testimony): by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page containing any Confidential

Information.  If not practical to mark each page of a document, as in the case of a bound publication or documents provided in digital form, the cover of such bound document or the applicable storage media shall be so marked.  If not practical to so mark the material itself, a container for or a tag attached to the material shall be so marked.

(b)     In the case of depositions or other pretrial testimony:

(i)     by a statement on the record, by counsel, at the time of such disclosure; or

(ii)     by written notice, sent by counsel to all parties within ten (10) business days after receipt of the transcript of the deposition to all counsel of record for the parties to the action.

1)     All transcripts shall be considered "Confidential" or "Highly Confidential" Information and subject to this Protective Order until expiration of such ten (10) business day period.  However, any discussion in a deposition or transcript of a document previously designated as "Confidential" or "Highly Confidential" Information shall automatically be considered designated with the same treatment as the underlying document without further designation.

2)     any deposition testimony concerning a document designated as "Confidential" or "Highly Confidential" shall be marked by a court reporter as "Confidential" or "Highly Confidential" on the deposition transcript.

(c)     Parties will use their best efforts to limit the number of documents designated "Confidential" or "Highly Confidential."

7)     "Confidential" or "Highly Confidential" Information" shall be held in confidence by each qualified recipient (as defined in paragraph 9) to whom it is disclosed, shall be used only

for purposes of this Litigation, shall not be used for any competitive, business or other purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced "Confidential" or "Highly Confidential" Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

8)    This Order is limited to the context of pretrial discovery. Nothing in this Order shall be read to restrict or promote any limitations which may be placed on the use of "Confidential" or "Highly Confidential" Information at trial. If this lawsuit goes to trial, the parties agree to cooperate in terms of protecting "Confidential" or "Highly Confidential" Information. Specifically, the parties shall confer and attempt to agree before any trial or other evidentiary hearing on the procedures under which "Confidential" or "Highly Confidential" Information may be introduced into evidence or otherwise used at such trial or hearing. Upon reaching agreement, the parties shall give notice of the terms of such agreement to each non-party producing any "Confidential" or "Highly Confidential" Information which may be used or introduced at such trial or hearing. Absent agreement, the Court shall be asked to issue an order governing the use of such "Confidential" or "Highly Confidential" Information at trial or evidentiary hearing upon reasonable notice to all Producing Parties who produced such information. Further, the parties reserve the right to petition the Court to seal records of the Litigation containing Confidential Materials, and reserve the right to seek additional protective order(s) if the need arises.

9)    Except as otherwise directed by this Court:

(a)    "Confidential" Information produced by parties and protected by this Court shall be revealed only to the following qualified recipients:

(i)     The Court and its officers, including stenographic reporters engaged in transcribing the testimony or argument at a hearing, trial, or deposition in this Action;

(ii)     Counsel of record in this Action, and their respective partners, associates, clerks, legal assistants, secretaries and other support staff who are actively engaged in the conduct of this Action;

(iii)     The Parties to this Action;

(iv)     Fact witnesses, to the extent necessary in the prosecution or defense of this Action;

(v)     Expert witnesses or litigation consultants engaged by a party or its counsel to serve as an expert witness or as a consultant in this Action;

(vi)     Any mediator retained by the Parties in connection with this action, and their supporting personnel;

(vii)     Third party contractors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling of data connected with this case; or

(viii)     Other persons by written agreement of the Parties.

(b)     "Highly Confidential" information may be disclosed only to any persons falling within the subparagraph (a)(i), (ii), and (v) – (vii) above, and shall not be disclosed or revealed to any party.

(c)     Prior to the disclosure by the Parties or their attorneys of any "Confidential" or "Highly Confidential" Information to any person referred to in subparagraphs (a)(iv) – (viii) above, that person must agree to be bound by the terms of this Order and shall sign a declaration in the form annexed hereto as Exhibit A.

(d)    For any non-party "Highly Confidential" information that contains "individually identifiable health information" and/or "protected health information" referred to in paragraph 5:

(i)    The Producing Party shall redact the non-party's individually identifiable health information and protected health information and mark the redaction with the legend "Highly Confidential – Non-Party PHI" prior to disclosure;

(ii)    Counsel for the Receiving Party shall inform each such person that is provided access under the terms of this Order that the non-party's individually identifiable health information and protected health information may not be used or disclosed for any purpose other than this Action; and

(iii)    Counsel for the Receiving Party shall take all other reasonable steps to ensure that persons receiving any non-party's individually identifiable health information and protected health information do not use or disclose such information for any purpose other than this Action.

10)    Neither "Confidential" or "Highly Confidential" Information shall be copied or reproduced except to the extent such copying or reproduction is reasonably necessary to the conduct of the litigation.  All such copies or reproductions shall be subject to the terms of this Order.  If the duplicating process by which copies of "Confidential" or "Highly Confidential" Information are made does not reproduce the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" stamp appearing on the original, all copies shall be stamped with a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation. No information obtained under this Protective Order shall be added to any electronic database for any other purpose other than:

      (a)     the analysis and review of data for this action, or

      (b)     the creation of a duplicate electronic image of the documents, subject to the restrictions applicable to photocopies described in this paragraph.

      11)     Inadvertent disclosure or production of or failure to designate any materials or information as "Confidential" or "Highly Confidential" shall not be deemed a waiver of confidentiality with regard to the material or information inadvertently disclosed or produced without the "Confidential" or "Highly Confidential" designation, nor shall it be deemed a waiver of confidentiality with regard to similar material. Any such material or information inadvertently disclosed or produced without the applicable designation shall be identified by the Producing Party with a demand that it be marked with the appropriate designation as required by this Protective Order. The Receiving Party must treat such information as "Confidential" or "Highly Confidential" from the date designation is received. Disclosure, prior to the receipt of designation, of such information that was inadvertently not designated "Confidential" or "Highly Confidential" to persons not authorized to receive "Confidential" or "Highly Confidential" Information shall not be deemed a violation of this Protective Order. However, after receipt of designation, the Receiving Party must immediately retrieve all information or materials that are either "Confidential" or "Highly Confidential" that is in the possession or control of persons not authorized to receive "Confidential" or "Highly Confidential" Information.

      12)     Restrictions on Use of AI to process Confidential or Highly Confidential Information: Absent notice to and written permission from the Producing Party, any person or entity authorized to have access to "Confidential" and/or "Highly Confidential" Information under the terms of this Order:

(a)    shall not use or employ any application, service, or analytical software that will transfer, transmit, send or allow access to "Confidential" and/or "Highly Confidential" Information, in whole or in part – including metadata, unless such application, service or analytical software:

(i)    does not further transfer the "Confidential" and/or "Highly Confidential" Information to another provider, unless the Receiving Party has confirmed through due diligence that the security and privacy controls of and contractual obligations for such provider allow that Party to comply with its obligations under this Protective Order; and

(ii)    provides the Receiving Party the ability to remove or delete from the system all "Confidential" and/or "Highly Confidential" information.

(b)    shall not permit any "Confidential" or "Highly Confidential" Information to be used to train any artificial intelligence tool.

These restrictions apply to the use of advanced or generative AI tools from OpenAI's GPT or ChatGPT, Harvey.AI, Google's Bard, Anthropic's Claude, and similar tools or applications.

13)    Information Security Protections.

(a)    Any person in possession of another party's "Confidential" or "Highly Confidential" Information shall maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of suc "Confidential" or "Highly Confidential" Information, protect against any reasonably anticipated threats or hazards to the security of such or "Confidential" or "Highly Confidential" Information, and protect against unauthorized access to or use of such "Confidential" or "Highly Confidential" Information. To the

extent a person or party does not have an information security program they may comply with this provision by having the "Confidential" or "Highly Confidential" Information managed by and/or stored with eDiscovery vendors or claims administrators that maintain such an information security program.

(b)     If the Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, relating to another party's "Confidential" or "Highly Confidential" Information, the Receiving Party shall:

(i)     promptly provide written notice to Designating Party of such breach;

(ii)     investigate and take reasonable efforts to remediate the effects of the breach, and provide Designating Party with assurances reasonably satisfactory to Designating Party that such breach shall not recur; and

(iii) provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach. If required by any judicial or governmental request, requirement or order to disclose such information, the Receiving Party shall take all reasonable steps to give the Designating Party sufficient prior notice in order to contest such request, requirement or order through legal means. The Receiving Party agrees to cooperate with the Designating Party or law enforcement in investigating any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

14)     Pursuant to FRE 502 (d) and (e), the parties agree to and the Court orders protection of privileged and otherwise protected documents and electronically stored information against claims of waiver (including as against third parties and in other federal and state

proceedings) in the event they are produced during the course of this litigation, whether pursuant to a Court Order, a parties' discovery request or informal production, as follows:

(a)    The disclosure or production of documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such Document and shall not result in any waiver, including subject matter waiver, of any kind.

(b)    If, during this litigation, a party determines that any document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected  Document"):

(i)    the Receiving Party shall:

1)    refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure;

2)    immediately notify the Producing Party in writing it has discovered Documents believed to be privileged or protected;

3)    specifically identify the Protected Documents by Bates number range or hash value, and,

4)    within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof.  To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.  Where such Protected Documents cannot be destroyed or separated, they shall not be

reviewed, disclosed, or otherwise used by the Receiving Party.  Notwithstanding, the Receiving

Party is under no obligation to search or review the Producing Party's Documents to identify

potentially privileged or work product Protected Documents.

(ii)     If the Producing Party intends to assert a claim of privilege or other

protection over Documents identified by the Receiving Party as Protected Documents, the

Producing Party will, within ten (10) days of receiving the Receiving Party's written notification

described above, inform the Receiving Party of such intention in writing and shall provide the

Receiving Party with a log for such Protected Documents consistent with the requirements of the

Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other

protection.  If any portion of a Protected Document does not contain privileged or protected

information, the Producing Party shall also provide to the Receiving Party a redacted copy of the

document that omits the information that the Producing Party believes is subject to a claim of

privilege or other protection.

(c)     If, during this litigation, a party determines it has produced a Protected

Document:

(i)     the Producing Party may notify the Receiving Party of such

production in writing, and demand the return of such documents.  Such notice shall be in writing,

however, it may be delivered orally on the record at a deposition, promptly followed up in

writing. The Producing Party's written notice will identify the Protected Document produced by

bates number range or hash value, the privilege or protection claimed, and the basis for the

assertion of the privilege and shall provide the Receiving Party with a log for such Protected

Documents consistent with the requirements of the Federal Rules of Civil Procedure, setting

forth the basis for the claim of privilege or other protection.  If any portion of the Protected

Document does not contain privileged or protected information, the Producing Party shall also

provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(ii)    The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. If a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

(d)    If the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party, then the Receiving Party shall sequester such documents until the claim has been resolved.  If the Receiving Party disclosed the Protected Document before being notified of its production, it must take reasonable steps to retrieve it.

(e)    The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection.  However, the Receiving Party is prohibited and estopped from arguing that:

(i)    the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

(ii)    the disclosure of the Protected Documents was not inadvertent;

(iii)    the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

(iv)    the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

(f)     Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection.  The Producing Party shall preserve the Protected Documents until such claim is resolved.  The Receiving Party may not use the Protected Documents for any purpose absent this Court's Order.

(g)     Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's order.  The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

(h)     Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

15)     Any party may object to the designation of any documents, materials, information, or testimony as "Confidential" or "Highly Confidential" by giving written notice to the Producing Party that it objects to the designation.  If the Receiving Party objects to the claim(s) that information should be deemed "Confidential" or "Highly Confidential," it shall be treated as "Confidential" or "Highly Confidential" pending resolution of the parties' dispute.  If the Receiving Party objects, the Receiving Party shall inform the Producing Party in writing that the document, materials, testimony, or information should not be so deemed, and the parties shall attempt first to dispose informally of such disputes in good faith.  If the parties are unable to resolve their dispute within five (5) business days of the objection, the Producing Party may

apply to the Court for an Order that the information or documents so designated are entitled to such status and protection.  That application must be made within ten (10) business days of the end of the aforementioned five (5) business day period.  The Producing Party has the burden of showing that there is good cause for documents, materials, information, or testimony to have such designated protection.  The documents, materials, information, or testimony shall continue to have Confidential or "Highly Confidential" status during the pendency of any such motion.

16)    Counsel for a party may disclose "Confidential" or "Highly Confidential" Information to any actual or potential witness not otherwise identified above as an approved recipient of such information provided counsel has obtained consent of counsel for the Producing Party.  However, this consent is not required if:

(a)    the person is an author or recipient of the "Confidential" or "Highly Confidential" Information, or

(b)    the person is a former employee of the producing party or non-party and is known with certainty to have prior knowledge by virtue of employment with the Producing Party of the specific "Confidential" or "Highly Confidential" Information to be disclosed.

17)    Each party shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential" or "Highly Confidential" Information as defined by the terms of this Protective Order. A copy of this Stipulated Protective Order shall be attached to each subpoena that a Party issues to any non-party, who may invoke its terms to protect "Confidential" or "Highly Confidential" Information

18)    Persons may be shown "Confidential" information during their deposition but shall not be permitted to keep copies of said "Confidential" information nor any portion of the deposition transcript reflecting the "Confidential" Information, except with the consent of the

Producing Party. Violation by any person of any provision of this Protective Order may be punishable as contempt of Court. Further, the parties may pursue any and all civil remedies available to it for breach of the terms of this Protective Order.

19)    At any deposition or hearing, when counsel for a party or the deponent deems that the answer to a question will result in the disclosure of "Confidential" or "Highly Confidential" Information or that a document contains "Confidential" or "Highly Confidential" Information, counsel shall have the option to request that all persons other than the reporter, counsel, the Court and Court personnel, and individuals specified in paragraphs 9 who have access to the appropriate category of information, leave the deposition room or courtroom during the "Confidential" or "Highly Confidential" portion of the deposition or hearing. The failure of such other persons to comply with such requests shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question pending.

20)    The termination of this Action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated "Confidential" or "Highly Confidential" pursuant to this Protective Order.

21)    All "Confidential Information" or "Highly Confidential" information shall be returned as follows:

(a)    Within thirty (30) days of the conclusion of the Litigation, and subject to sub-paragraphs (d) and (e) below, all "Confidential" or "Highly Confidential" Information, including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, shall be returned to the producing party. In the alternative, within thirty (30) days of the conclusion of the litigation, counsel for each party shall certify to counsel for the opposing

party, in writing, that any and all such "Confidential" or "Highly Confidential" Information, including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, produced by the opposing party, has been destroyed.

(b)    If "Confidential" or "Highly Confidential" Information is furnished to outside experts or consultants pursuant to paragraph 9, the attorney for the party using such expert or consultant shall have the responsibility of ensuring that all such "Confidential" or "Highly Confidential" Information including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, is returned to the producing party or destroyed, and so certifying in writing as provided in sub-part (a) above.

(c)    If "Confidential" or "Highly Confidential" Information has been loaded into any litigation review database, the attorney for the party using such database shall have the responsibility of ensuring that all such "Confidential" or "Highly Confidential" Information (including all associated images and native files), are extracted from such databases (including any associated staging databases) and destroyed. "Destroyed" shall mean deletion of documents from all databases, applications and/or file systems in a manner such that they are not readily accessible without the use of specialized tools or techniques typically used by a forensic expert.

(d)    Counsel of record for the parties may retain copies of any part of the "Confidential" or "Highly Confidential" Information produced by others that has become part of counsel's official file of this litigation as well as abstracts or summaries of materials that reference "Confidential" or "Highly Confidential" Information that contain counsel's mental impressions or opinions.  Such copies shall remain subject to the terms of this Protective Order.

(e)    The parties, counsel of record for the parties, and experts or consultants for a party shall not be required to return or to destroy any "Confidential" or "Highly Confidential" Information to the extent such information is:

(i)    stored on media that is generally considered not reasonably accessible, such as disaster recovery backup tapes; or

(ii)    only retrievable through the use of specialized tools or techniques typically used by a forensic expert; provided that to the extent any "Confidential" or "Highly Confidential" information is not returned or destroyed due to the foregoing reasons, such "Confidential" or "Highly Confidential" Information shall remain subject to the confidentiality obligations of this Protective Order.

22)    Nothing in this Protective Order shall be construed as a waiver by a party of any objections that might be raised as to admissibility at trial of any evidentiary materials.

23)    Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Protective Order.

24)    Should "Confidential" or "Highly Confidential" Information become the subject matter of a pleading, motion or other court filing, the filing party must seek leave, upon further order of the Court and for good cause shown, to file such "Confidential" or "Highly Confidential" Information under seal.  A party or interested member of public may challenge the designation of particular documents that have been filed under seal, by filing their objections with the Court within the time prescribed by this Court for motions.

25)    If the Receiving Party or any of its employees, agents, or consultants, as the case may be, is compelled to disclose any of the Producing Party's "Confidential" or "Highly Confidential" Information pursuant to applicable federal or state laws, rules, regulations, or court

orders or subpoenas (each a "Requirement"), the Receiving Party, as the case may be, shall provide the Producing Party with prompt notice of any such Requirement in writing and shall cooperate with the Producing Party, at the Producing Party's sole expense, in seeking to obtain any protective order or other arrangement pursuant to which the confidentiality of the Producing Party's "Confidential" or "Highly Confidential" Information is preserved. If such an order or arrangement is not obtained, the Receiving Party shall disclose only that portion of the Producing Party's "Confidential" and/or "Highly Confidential" Information as is required pursuant to such Requirement. Any such required disclosure shall not, in and of itself, change the status of the disclosed information as the Producing Party's "Confidential" or "Highly Confidential" Information under the terms of this Agreement.

26)     The Court shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Protective Order.

27)     Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not:

(a)     operate as an admission by any party that any particular documents, material or information contain or reflect currently valuable trade secrets or proprietary or commercial information; or

(b)     prejudice in any way the right of a party at any time:

(i)     to seek a determination by the Court of whether any particular document, item of material, or piece of information should be subject to the terms of this Order;

         (ii)    to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, item of material, or piece of information;

         (iii)    to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information; or

         (iv)    to seek documents or other information from any source.

**SO STIPULATED this _____ day of 202\_\_\_\_:**

JOSEPH & NORINGSBERG, LLC

*/s/ Robert A. Kansao*           
Robert A. Kansao
110 East 59th Street, Suite 3200
New York, NY 10022
212.227.5700
robert@employeejustice.com

LITTLER MENDELSON P.C.

*/s/ Lisa M. Griffith*           
Lisa M. Griffith
Samantha DeRuvo
290 Broadhollow Road, Suite 305
Melville, NY 11747
631.247.4700
lgriffith@littler.com
sderuvo@littler.com

***Attorneys for Plaintiff***                           ***Attorneys for Defendants***

**SO ORDERED on this date, September 19, 2025, with the further caveat that paragraphs 8, (14)(f), 15, 24, and 27(b) of this Stipulation and Order do not excuse the parties from their obligation to comply with section 4 of the Court's Individual Rules and Practices in Civil Cases, which governs redacted and sealed filings.**

John P. Cronan
United States District Judge

cc/ecf: Counsel of record