UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                          :

ARA ACOSTA,                                 :

                     Plaintiff,          :

                     -v-                     :       25 Civ. 1119 (JPC)

THE NEW YORK TIMES COMPANY d/b/a The New   :       OPINION AND ORDER
York Times and PAMELA DRYFOOS, individually,   :

                   Defendants.      :

-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      On October 23, 2025, Defendants New York Times Company and Pamela Dryfoos moved to compel Plaintiff Ara Acosta to produce various categories of documents and information. Dkt. 44 ("Motion"). Plaintiff largely opposes the motion, although she has narrowed the outstanding disputes by since providing certain authorizations. Dkt. 45 ("Opposition"). The Court heard argument on the remaining discovery disputes on November 20, 2025. For the reasons that follow, Defendants' motion is granted in part and denied in part.

## I. Legal Standard

      Under Federal Rule of Civil Procedure 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." "In federal actions, discovery should be broad, and all relevant materials which are reasonably calculated to lead to the discovery of admissible evidence should be discoverable." *Stollman v. Williams*, No. 20 Civ. 8937 (JPC), 2022 WL 1772552, at *4 (S.D.N.Y. June 1, 2022) (citation omitted). But while "relevance, for purposes of discovery, is an extremely broad concept," it is "not unlimited." *Brunckhorst v. Bischoff*, No. 21 Civ. 4362 (JPC), 2023 WL 3090950, at *3 (S.D.N.Y. Apr. 26, 2023) (internal quotation marks omitted). And even when

discovery is relevant, courts should still "consider[] the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). A court thus "has the discretion to deny discovery requests if it determines that the burden or expense of the proposed discovery outweighs its likely benefit." *Lockton Partners, LLC v. Stone Point Cap. LLC*, No. 25 Misc. 102 (JPC), 2025 WL 1699254, at *2 (S.D.N.Y. May 29, 2025) (internal quotation marks omitted); *see also GMO Gamecenter USA, Inc. v. Whinstone US, Inc.*, No. 22 Civ. 5974 (JPC), 2024 WL 4815671, at *4 (S.D.N.Y. Nov. 18, 2024) ("[C]ourts are encouraged to be more aggressive in identifying and discouraging discovery overuse by emphasizing the need to analyze proportionality before ordering production of relevant information." (internal quotation marks omitted)).

Motions to compel discovery are governed by a "two-step analytical framework." *Johnson v. J. Walter Thompson U.S.A., LLC*, No. 16 Civ. 1805 (JPO) (JCF), 2017 WL 3055098, at *2 (S.D.N.Y. July 18, 2017). "First, the moving party must demonstrate that the information sought is discoverable, including, among other things, that it is relevant." *Id.* And second, "once relevance has been shown, it is up to the responding party to justify curtailing discovery." *Id.* (citation modified).

Finally, and of particular pertinence here, while language referring to "any and all" (or "each and every") documents and information is "routinely used in discovery requests," such phrases "can give rise to overbroad requests and are sometimes frowned upon." *In re Man Grp. Ltd.*, No. 24 Misc. 559 (JHR) (OTW), 2025 WL 846134, at *9 (S.D.N.Y. Mar. 13, 2025) (internal quotation marks omitted). Whether such language "renders requests improper is a matter of context and the words that follow," *id.*: requests reliant on the phrase "any and all" are "disfavored

when used with broad categories of information or otherwise unbounded by the remainder" of the request, *Sound Around, Inc. v. Friedman*, No. 24 Civ. 1986 (DLC) (KHP), 2025 WL 1212505, at *6 (S.D.N.Y. Apr. 25, 2025), *reconsideration granted on other grounds*, 2025 WL 1531691 (S.D.N.Y. May 28, 2025). Such phrasing, then, while not necessarily improper, "must be carefully considered to ensure it is not unnecessarily sweeping in irrelevant documents or documents disproportionate to the needs of the case." *Id.*

## II. Discussion

The Court assumes familiarity with this case's background. Defendants seek to compel Plaintiff to respond to certain document requests and interrogatories; they further seek to compel Plaintiff to sign Health Insurance Portability and Accountability Act ("HIPAA") waiver forms as to her medical records and authorizations as to her employment records with other employers in order to "allow Defendants to analyze Plaintiff's attempts to mitigate her damages given her demand for back pay." Motion at 1-3. Plaintiff has represented that she since signed HIPAA, disability, and unemployment-insurance authorizations, Opposition at 1, 3, so the Court denies without prejudice as moot Defendants' motion to compel as to those authorizations. That leaves the document requests, interrogatories, and employment authorizations.

### A. Document Requests

The Court agrees with Plaintiff that some of the disputed document requests are overbroad, and with Defendants that Plaintiff must respond to others. The Court takes each request in turn.

**Document Request No. 12**: Defendants request that Plaintiff "[p]roduce any and all documents concerning [her] allegations that Defendants discriminated against [her] on account of any purported disabilities." Opposition, Exh. A ("RFP Response") at 3. Plaintiff objects to that request as "overbroad and unduly burdensome" because the request "leaves no guidance as to the ultimate type or category of documents being sought, so Plaintiff has no means by which to limit

3

and/or interpret this request for purposes of responding." *Id.* The Court sustains Plaintiff's objection and denies Defendants' motion to compel as to this request. The request fails to "describe with reasonable particularity each item or category of items to be inspected," Fed. R. Civ. P. 34(b)(1), and amounts to little more than a request to produce "all documents relating to the allegations in the Complaint," which is overbroad. *E.g.*, *Royal Park Investments SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14 Civ. 4394 (AJN) (BCM), 2016 WL 4613390, at *10 n.8 (S.D.N.Y. Aug. 31, 2016) (citation modified); *see also Sound Around*, 2025 WL 1212505, at *6 (explaining that "an RFP that requests 'any and all' documents and communications is disfavored when used with broad categories of information or otherwise unbounded by the remainder of the document request"). Should Defendants make a more targeted request for specific documents related to those allegations, and should Plaintiff object to producing such information, Defendants may renew their motion to compel after a meet-and-confer as to that narrower request.[1]

**Document Request No. 15**: Defendants next request that Plaintiff "[p]roduce any and all documents concerning any charge or Complaint alleging discrimination filed with any agency." RFP Response at 3. Plaintiff responded to that request by claiming that Defendants are "already in possession of an [Equal Opportunity Employment Commission ('EEOC')] charge filed by Plaintiff," *id.*, while Defendants counter that "it is not clear from Plaintiff's response that [she] *only* filed a Charge with the EEOC and no other documents or with any other agency," Motion, Exh. A ("Deficiency Ltr.") at 2. Plaintiff, in turn, suggests that the EEOC charge was "the sole charge filed" and that any "clarification" can "be addressed through targeted follow-up rather than

---

[1] The Court's ruling as to Document Request No. 12 of course does not absolve Plaintiff from complying with Federal Rule of Civil Procedure 26(a)(1)(A)(ii), which requires her to produce to Defendants, "without awaiting a discovery request, . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that [Plaintiff] has in [her] possession, custody, or control and may use to support [her] claims or defenses, unless the use would be solely for impeachment."

4

court intervention." Opposition at 1. The Court agrees and thus denies the motion to compel as to this request, although Defendants can renew their motion should that follow-up fail to adequately clarify the content and extent of prior filings by Plaintiff.

**Document Request No. 17**: Defendants seek Plaintiff's production of "any and all documents relating to each item of damage or injury claimed." RFP Response at 4. Plaintiff "objects to this request as overbroad and seeking attorney work product," but represents that subject to these objections she will produce responsive documents "during appropriate discovery phases." *Id.* The Court overrules Plaintiff's objection and grants Defendants' motion to compel as to this request because it falls within the ambit of Federal Rule of Civil Procedure 26(a)(1)(A)(iii), which requires Plaintiff—even absent a discovery request—to provide Defendants with "a computation of each category of damages claimed" and to "make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Plaintiff "is obligated to comply with Rule 26 as best she is able, including by providing a calculation of damages and supporting documents." *Lively v. Wayfarer Studios LLC*, No. 24 Civ. 10049 (LJL), 2025 WL 1999355, at *2 (S.D.N.Y. July 17, 2025); *accord Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295-96 (2d Cir. 2006). Should the parties have a narrower dispute as to particular materials that are privileged or protected, they may bring that dispute to the Court after a good-faith meet and confer.

**Document Request No. 18**: Defendants also seek the production of "any and all documents concerning all sources of income derived by [Plaintiff] from May 1, 2023 until the present." RFP Response at 4. Plaintiff "objects to this request as overbroad, unduly burdensome, and seeking irrelevant financial information," although she claims to have "produce[d] relevant employment-related income documentation, Bates Nos. ACOSTA000029-000040." *Id.*

5

Defendants claim that these Bates-stamped documents do not actually "include income-related information," Deficiency Ltr. at 3-4, while Plaintiff asserts that the request "could encompass personal financial information and banking records having no relevance to employment claims," Opposition at 2. True enough, "information regarding a party's financial records may give rise to a privacy interest," such that Plaintiff "cannot be compelled to produce documents regarding her personal assets and liabilities with no relationship" to the claims or defenses in this case. *Lively*, 2025 WL 1999355, at *3-4 (citation modified). But in connection with the dispute over employment authorizations, *see infra* II.C, Plaintiff has proffered to "provide any and all tax documents . . . or example paystubs to demonstrate her current salary," which she concedes is relevant "for mitigation purposes." Opposition at 3. So Defendants' motion to compel is granted to the extent that Defendants seek documents about mitigation-related proof of income from May 1, 2023, onward, and that Plaintiff has not, in fact, produced such documentation. To the extent any materials responsive to Document Request No. 18 are bank records, Plaintiff may redact from the records information that does not pertain to her sources of income from May 1, 2023, until the present.

**Document Request No. 19**[2]: Similarly, Defendants want Plaintiff to "[p]roduce any and all documents concerning each job [she has] held or applied to from May 1, 2023 through the present," as such documents are "relevant to Plaintiff's mitigation of damages." Deficiency Ltr. at 4. Plaintiff, for her part, "objects to this request as overbroad and unduly burdensome," as she "will be forced to produce all documents tangentially related to . . . any employment she has held." RFP Response at 4. Given the Court's disposition of Document Request No. 18, *supra*, which compels Plaintiff to produce documents about mitigation-related proof of income beginning on

---

[2] While the parties refer to this document request as Document Request No. 20 in their letters, *see* Deficiency Ltr. at 5; Opposition at 2, the underlying document with requests and responses shows that it is actually Document Request No. 19, *see* RFP Response at 4.

May 1, 2023, Defendants' motion as to this request is denied, as those documents should obviate the need for further discovery on jobs that Plaintiff has held since that date—insofar as they relate to her mitigation of damages—and a request for any and all documents concerning Plaintiff's job applications are indeed overbroad and unduly burdensome compared to their relevance on mitigation.[3] But Defendants may renew their request should another relevant reason for these documents become apparent.

**Document Request Nos. 25 & 37**: Defendants seek from Plaintiff "any and all text, e-mail, or electronic messages sent to or received from" Defendant Dryfoos and "any and all documents sent to or received from" witness Wendy Espe.  RFP Response at 5-7.  Plaintiff unsurprisingly objects to these requests "as overbroad and unduly burdensome and not tailored to advance any claim or defense in this case," and accordingly "limits her response to responsive documents related to any time-off requests, disciplinary messages, and/or, her termination." *Id.* The Court agrees with Plaintiff and sustains her objection, thus denying Defendants' motion as to these requests.  "Any request that seeks 'any and all documents and communications' concerning a person is grossly overbroad and does not comport with Rule 26(b)." *Delgado v. Donald J. Trump for President, Inc.*, No. 19 Civ. 11764 (AT) (KHP), 2024 WL 3730499, at *3 (S.D.N.Y. May 13, 2024).  Once more, should Defendants make a more targeted request for specific documents related to relevant communications with Dryfoos and Espe, and should Plaintiff object to producing such information, Defendants may renew their motion to compel after a meet-and-confer as to that narrower request.

**Document Requests Nos. 38 & 39**: Defendants request "any and all documents concerning any travel [Plaintiff] took between May 1, 2023 and October 1, 2024" and "any and all documents

---

[3] At the November 20, 2025 hearing, Plaintiff represented that she would be willing to provide a job description of her subsequent employment as relevant to demonstrate mitigation. The parties shall meet and confer on whether that proposed compromise suffices.

concerning any marathons, half marathons, or races." RFP Response at 7. Plaintiff objects to these requests "as seeking irrelevant information not reasonably calculated to lead to admissible evidence." *Id.* Defendants counter that Plaintiff's travel-related information is relevant "because these documents are essential for verifying her claims of COVID-19 disability and retaliation by denial of PTO," and that the marathon-related information is similarly relevant "because these documents are essential for verifying her claims of COVID-19 disability and requests for time off." Deficiency Ltr. at 5-6. The Court agrees with Plaintiff that these requests are overbroad on their face—especially the race-related request, which has no temporal limitation whatsoever. The Court thus sustains Plaintiff's objection and denies Defendants' motion to compel as to these requests, although Defendants remain free to renew with narrower requests and then to explain more fulsomely the relevance of such requests.[4]

**Document Requests Nos. 43 & 44**: Defendants seek the production of "any and all documents that relate to Plaintiff's allegations in Paragraph 14 of the Complaint regarding [her] initial employment agreement" and "any and all documents that relate to Plaintiff's allegations in Paragraph 15 of the Complaint regarding [her] employment agreement extension." RFP Response at 7. Plaintiff, in turn "objects as Defendants possess their own employment agreements," but subject to that objection, she purports to have "produce[d] responsive documents in her possession, Bates Nos. ACOSTA000029-000040." *Id.* Defendants deem these responses "deficient and vague because Defendants are not in any possession of any employment agreement with a stipulated term from May 15, 2023 to September 15, 2023," nor are they "in possession of any employment agreement extending Plaintiff's role as Administrative Director, particularly given the fact that she

---

[4] While the Court "decline[s] to rewrite" the parties' requests, *e.g.*, *Copantitla v. Fiskardo Estiatorio, Inc.*, No. 09 Civ. 1608 (RJH) (JCF), 2010 WL 1327921, at *11 (S.D.N.Y. Apr. 5, 2010), it observes that more appropriate requests, for example, would be tailored to any travel for which time off was granted or denied, and for any races Plaintiff may have run during the time she alleges she was ill with COVID-19.

never held this position." Deficiency Ltr. at 6. The Court agrees with Defendants: Plaintiff must produce any and all documents related to her allegation that her "initial employment agreement stipulated a term from May 15, 2023, to September 15, 2023, and a salary of $135,000 a year," and to her allegation that on September 15, 2023, she "entered into a new employment agreement extending her role as Administrative Director until September 15, 2024, with an increased salary of $155,000 per year and eligibility for a bonus of up to $10,000." Dkt. 27 ("Am. Compl.") ¶¶ 14-15. So the Court overrules Plaintiff's objections and grants Defendants' motion to compel as to these requests.

**Document Request No. 50**: Finally, Defendants ask Plaintiff to "[p]roduce any and all documents that relate to Plaintiff's allegations in Paragraph 39 of the Complaint regarding Ms. Dryfoos admitting fabrication" of performance concerns. RFP Response at 8. Plaintiff objects to this request as "ambiguous," "unclear," and "internally contradictory," *id.*, further elaborating that the "request references the wrong paragraph number and lacks specificity about what type of documentation is sought with respect to an oral admission," Opposition at 2. This objection borders on the disingenuous. As Defendants point out, because the request was "served *before* Plaintiff amended her complaint, the appropriate number for this request is Paragraph 40 of the Amended Complaint." Deficiency Ltr. at 7; *see* Am. Compl. ¶ 40 ("During this meeting, Ms. Dryfoos admitted that her prior response was fabricated . . . ."). Nor is there anything unclear about the request: Plaintiff is to produce any and all documents bearing on the allegation of Dryfoos admitting fabrication, an allegation which *Plaintiff herself made* in the Amended Complaint. And unlike, say, a request for any and all documents connected to a "broad categor[y] of information" like Plaintiff's allegations of discrimination writ large, *Sound Around*, 2025 WL 1212505, at *6, this request is appropriately bounded by a discrete and specific allegation. So the Court overrules Plaintiff's objection and grants Defendants' motion to compel as to this request.

9

## B. Interrogatories

The parties also dispute Plaintiff's responses to a handful of interrogatories. *See* Opposition, Exh. B ("Interrogatory Response"). The Court grants Defendants' motion to compel for all of the disputed interrogatories, although it modifies Interrogatory No. 12.

**Interrogatory No. 2**: Defendants request that Plaintiff "[i]dentify each and every person who [she] alleges witnessed any of the alleged acts of discrimination and/or retaliation against her as referenced in the Complaint." Interrogatory Response at 4. Plaintiff "objects to this interrogatory as overly broad, ambiguous, and unduly burdensome," but nevertheless "identifie[d] the following individuals who witnessed discriminatory and retaliatory conduct: (1) Wendy Espe . . .[;] (2) Coworkers who overheard the February 14, 2024 Google Meets conversation where Plaintiff was required to work while having COVID-19; (3) Natalia Rodriguez – co-worker[;] (4) Chloe Rosenberg – co-worker[;] (5) Colleagues present during cubicle conversations regarding PTO denials and performance criticisms[; and] (6) Administrative staff present when Defendant Dryfoos inquired about hiring contractors." *Id.* Defendants argue that this identification was "deficient" and failed to "provide, with enough specificity, the identities of the individuals Plaintiff contends witnessed the alleged acts of discrimination and/or retaliation at issue." Deficiency Ltr. at 7. They thus request that Plaintiff identify "each and every person" she believes witnessed those alleged acts, and that "[f]or each person identified" to "include their full name and contact information and identify, with specificity, the acts they witnessed." *Id.* The Court agrees with Defendants, as Plaintiff is obligated to provide "the name and, if known, the address and telephone number of each individual likely to have [favorable] discoverable information—along with the subjects of that information." Fed. R. Civ. P. 26(a)(1)(A)(i). So the Court overrules Plaintiff's objection and grants Defendants' motion to compel as to this interrogatory.

**Interrogatory No. 5**: Defendants further ask Plaintiff to identify all of her "colleagues"

10

who are alleged to have "informed Plaintiff that their managers pulled them aside to discuss [her] termination."  Interrogatory Response at 5 (citation modified) (quoting Am. Compl. ¶ 62). Plaintiff again "objects to this interrogatory as overly broad, ambiguous, and unduly burdensome," but elaborates that the "colleagues who informed her about management discussions" include "those coworkers listed in Interrogatory No. 1 and others who expressed concerns about the suspicious timing and inconsistent explanations provided regarding the alleged 'organizational restructuring.'" *Id.*; *see also id.* at 4 (listing seven specific individuals in response to Interrogatory No. 1).  Defendants again argue that this response is "deficient" because it fails to "provide, with enough specificity, the identities of the individuals Plaintiff contends informed [her] that their managers pulled them aside to discuss her termination."  Deficiency Ltr. at 8.  As with Interrogatory No. 2, the Court agrees with Defendants and grants their motion to compel as to this interrogatory.  *See* Fed. R. Civ. P. 26(a)(1)(A)(i).

**Interrogatory Nos. 6 & 7**: Defendants want Plaintiff to "[i]dentify the means by which [she] 'learned that Ms. Dryfoos had inquired about hiring a contractor to help support the team as Plaintiff's replacement,' including the name of any individuals who may have relayed this information," and "[i]dentify the basis for Plaintiff's statement that 'evidence of Dryfoos's attempt to hire a contractor disappeared from NYT's electronic records.'"  Interrogatory Response at 5-6 (quoting Am. Compl. ¶¶ 63, 66).  Plaintiff objects to these interrogatories "as overly broad, ambiguous, unduly burdensome, and beyond the scope permitted by Local Rule 33.1."  *Id.*  But Southern District of New York Local Civil Rule 33.1 no longer exists.  *See* S.D.N.Y. Loc. Civ. R. 33.1 (effective Jan. 2, 2025) (noting that the rule was "intentionally omitted").  Nor are these interrogatories—bearing on discrete issues alleged in the Amended Complaint—overbroad or ambiguous.  The Court thus overrules Plaintiff's objections and grants Defendants' motion to compel as to Interrogatory No. 6 and Interrogatory No. 7.

11

**Interrogatory No. 8**: Defendants further ask Plaintiff to "[i]dentify the employee Dryfoos allegedly solicited to consider moving from NYT's finance department to the finance team within the Athletic . . . and the basis for Plaintiff's knowledge of this alleged encounter."  Interrogatory Response at 6 (citing Am. Compl. ¶ 67).  Plaintiff "objects to this interrogatory as seeking information that may compromise ongoing investigations" without further identifying any privilege or privacy interest, but explains that she "learned from coworkers" that "Defendant Dryfoos explained the position could not be filled 'right now' due to 'legal issues' but would be available once the issues 'died down.'"  *Id.* (quoting Am. Compl. ¶ 67).  Defendants point out that "[t]his response is incomplete and does not respond to the Request" because Plaintiff "does not identify the employee that Dryfoos allegedly tried to solicit."  Deficiency Ltr. at 9.  This individual may well have discoverable information and—without a basis for why this person's identity should not be disclosed—should be identified.  The Court thus grants Defendants' motion to compel as to this interrogatory, although Plaintiff may renew her objection if she is able to articulate a sufficiently compelling reason to withhold this person's identity.[5]

**Interrogatory No. 12**: Defendant broadly seeks, "[t]o the extent not covered by the above interrogatories," for Plaintiff to "identify all persons [she] believes has knowledge of any of the facts alleged in Plaintiff's Complaint, including her claimed damages, or knowledge or information that would tend to support or refute any of the allegations in Plaintiff's Complaint."  Interrogatory Response at 6.  "Plaintiff objects to this interrogatory as duplicative of previous interrogatories and overly broad."  *Id.*  As far as this interrogatory seeks information that Plaintiff may use to support the Complaint's allegations, it simply echoes Rule 26(a)(1)(A)(i), under which

---

[5] In their motion, Defendants assert that they have "repeatedly asked Plaintiff to identify the names of the individuals on the text messages Plaintiff has produced, as Plaintiff incorrectly redacted this information."  Motion at 3.  At the November 20, 2025 hearing, Plaintiff represented that she would correct this mistake following the Court's decision on the motion to compel, a representation the Court trusts Plaintiff will abide by.

12

"a party must, without awaiting a discovery request, provide to the other parties[] the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Indeed, Plaintiff's own response to this interrogatory undercuts the notion that it is duplicative, as she identifies Jennifer Donahue, a named "[a]dditional person[]" with relevant knowledge. Interrogatory Response at 6. The interrogatory, however, would be overbroad (and without footing in Rule 26(a)(1)(A)(i)) if it swept in all persons with information that would tend to *refute* the Complaint's allegations absent further specification. *See Sound Around*, 2025 WL 1212505, at *6. So the Court grants Defendants' motion to compel as to this interrogatory, but only to the extent there are any individuals not covered by the other interrogatories who would otherwise have discoverable, non-impeachment-only information that Plaintiff may use to support her claims and defenses.

**Interrogatory No. 22**: Defendants request that Plaintiff "[s]et forth the amount, a detailed description, and computation of any and all damages sought by Plaintiff in this action." Interrogatory Response at 8. As Defendants point out, in response to this interrogatory, Plaintiff "identifies the categories of damages sought but fails to provide any detailed description, identify the amount sought, or offer any computation," Deficiency Ltr. at 10, a failure which Plaintiff explains is because "[s]pecific damage calculations are being developed with expert assistance," Interrogatory Response at 8. But although Plaintiff's "damages may depend largely on expert discovery, this does not relieve her of the obligation to comply with Rule 26," as "courts in this district routinely find that a party may not refuse to respond to interrogatories seeking damages calculations on the ground that expert analysis will refine the damages calculation." *Lively*, 2025 WL 1999355, at *2 (citation modified) (collecting cases). Even though Plaintiff "may not be able to clarify the precise method of calculating damages prior to expert discovery, and the amount

13

initially claimed may turn out to be inaccurate," she "is obligated to comply with Rule 26 as best she is able, including by providing a calculation of damages and supporting documents." *Id.* (citing Fed. R. Civ. P. 26(a)(1)(A)(iii)); *see also supra* II.A (Document Request No. 17).  So the Court once more grants Defendants' motion to compel as to this interrogatory.

**C. Employment Authorizations**

Lastly, Defendants have "asked Plaintiff to sign authorizations so they can request employment records from all of Plaintiff's employers during and subsequent to her employment with the New York Times," claiming that such records "are necessary to allow Defendants to analyze Plaintiff's attempts to mitigate her damages given her demand for back pay."  Motion at 3.  Plaintiff, for her part, "is willing to provide any and all tax documents . . . or example paystubs to demonstrate her current salary," an offer she claims would give Defendants "the information they seek without jeopardizing Plaintiff's continued and future employment opportunities, which may be endangered by Defendants contacting employers seeking irrelevant information about Plaintiff while in connection to a lawsuit."  Opposition at 3.

Plaintiff's proposal may well moot Defendants' motion.  To that end, the parties are ordered to meet and confer, and shall jointly apprise the Court of whether this or any other dispute remains outstanding by December 1, 2025.  The parties are further reminded of their obligations to confer "in good faith" in "an effort to resolve [any] dispute[s] without court action" under Federal Rule 26(c)(1) and to "cooperate" in "all phases of the discovery process" under Local Civil Rule 26.4(a), as the Court believes that most if not all of the issues "raised in this motion could have been resolved through a more robust (and good-faith) meet-and-confer process," *Sound Around*, 2025 WL 1212505, at *4.

## III.  Conclusion

For the above reasons, Defendants' motion to compel is granted in part and denied in part.

The Clerk of Court is respectfully directed to close the motion at Docket Number 44.

SO ORDERED.

Dated: November 21, 2025
       New York, New York

                                                  JOHN P. CRONAN
                                         United States District Judge